THOMAS ARLOTTO, APPELLANT, v. HAUCK REALTY COMPANY, RESPONDENT.

Submitted October 12, 1934—Decided March 25, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Jacob Siegal.*

For the respondent, *Frederick J. Gassert.*

LLOYD, J. Plaintiff below brought an action of replevin to recover four boilers and four ranges sold to Emma G. Lembo under a conditional sales contract, she being the owner of

the house in which they were placed. The defendant at the time was the holder of a mortgage which was in process of foreclosure. It subsequently became the purchaser of the property and it was in this capacity that it became the defendant in the present action. Judgment was given for the defendant in the District Court and the plaintiff appeals, contending that under the evidence judgment should have been rendered in his favor.

By the terms of the conditional sale agreement the contract called for the sale and installation of the boilers and ranges, and it was stipulated in the state of the case that the "ranges and boilers are connected together and to the plumbing system by couplings and are easily removable." It was also stipulated that there were no ranges or boilers in the premises at the time these were installed.

It is urged by the appellant that the property of the plaintiff in these chattels was protected by the Conditional Sales act of 1919 (page 461) which provides in section 4 as follows:

"Every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided."

These exceptions are contained in paragraphs 5 and 7 as follows:

"5. Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale."

"7. * * * If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof, but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the

realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty would be recorded or registered to affect such realty."

We think it clear from the stipulation that the goods were not so attached to the freehold that they could not be removed without material injury to the property, and that this is so clear that no finding to the contrary could be sustained on the facts. The building to which they were attached was a house (presumably a dwelling house) and by the stipulation were "connected only by couplings and were easily removable." Certainly no inference could be drawn therefrom that such removal would do material injury to the freehold. Nor do we think that the plaintiff's title was impaired by the other quoted sections of the Sales act.

From the stipulation it appears that the conditional sales contract was made on October 3d, 1931, and filed November 18th, 1932. Foreclosure proceedings on the mortgage held by the defendant were instituted on August 13th, 1931, a decree entered October 31st, 1932, and on November 16th, 1932, a *fieri facias* was issued in the case and a levy made upon the premises. On December 15th, 1932, the property was sold by the sheriff.

A critical examination of sections 5 and 7 makes it apparent that the former is dealing solely with detached goods which are the subject of a conditional sale and to purchasers of those goods or creditors acquiring liens thereon. It in no wise refers to a purchaser of the real property, and that this is so is apparent from a like careful reading of section 7 which protects a purchaser of the realty where fixtures are attached to the freehold though subject to easy removal without damage unless the contract is filed before the purchase is made.

Tested by this construction we think the judgment cannot be sustained. The mortgagee was not a purchaser of the

goods within the intent and meaning of section 5. It was a purchaser, we think, ultimately of the real property, even though that purchase was by sheriff sale, and the goods were affixed to the realty but in a manner severable without injury to the freehold, but as such purchaser his title would only be protected as against a conditional sale seller's rights if the conditional sale contract was not filed before the purchase. The purchase under the sheriff sale by the mortgagee was on December 15th, 1932, but the conditional sales contract had then already been recorded. This being true the title of the seller remained undisturbed.

The conclusion here reached is in harmony with the case of *Sellitto* v. *Heating and Plumbing Finance Co.*, 116 *Id.* 247; 174 *Atl. Rep.* 147; *affirmed,* 117 *N. J. Eq.* 19; 174 *Atl. Rep.* 708.

The judgment is reversed with costs.